JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone:  (323) 979-2063
Facsimile:   (323) 488-6748

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Pinchera,<br>individually and on behalf of all others similarly situated,<br>　　　　　　　　　Plaintiff,<br><br>Against<br><br>Simm Associates, Inc.,<br>　　　　　　　　　Defendant. | Case No.: **'22CV1280 BEN DEB**<br><br>**CLASS ACTION COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff John Pinchera ("Plaintiff"), by and through his attorneys, The Law Offices of Jonathan A. Stieglitz, as and for his Complaint against Defendant Simm Associates, Inc. ("Defendant" or "Simm") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair

debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2.      The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

3.      The Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.* was enacted because unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Thus, the purpose of the RFDCPA is to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq*. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Supplemental jurisdiction of this Court arises under 28 U.S.C. § 1367 because the state law claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

7. Plaintiff brings this class action on behalf of a class of California consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

8. Plaintiff is seeking damages, declaratory and injunctive relief.

## PARTIES

9. Plaintiff is a resident of the State of California, County of San Diego.

10. Plaintiff is a person as defined by Cal. Civ. Code § 1788.2(g) and is obligated or allegedly obligated to pay any debt.

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3).

12. Defendant Simm is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and Cal. Civ. Code § 1788.2(c).

13. Simm can be served upon its registered agent, Corporate Service Company d/b/a CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

14. Upon information and belief, Defendant Simm is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

15. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

16. The Class consists of:

    a. all individuals with addresses in the State of California;

    b. to whom the Defendant Simm sent an initial letter;

    c. attempting to collect a consumer debt;

    d. in three sub-classes:

        i. "Current Creditor Class": where the letter identifies a current creditor, but then states a different entity has purchased the listed account, and alleging a balance of less than $2,500.00; or

        ii. "Conflicted Balance Class" where the letter states

    1. a charge-off amount of the debt,

    2. additional amounts added since charge-off,

    3. that no payments have been made since charge-off, and

    4. then lists the total balance as being less than the charge-off amount; or

   iii. "SOL Class" where the letter provides a default date less than four (4) years prior and also states, "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it"; and

 e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

17. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

18. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

19. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

20. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

21. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written

1
2
3
      communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

4
5
6
7
8
  c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

9
10
11
12
13
14
15
16
17
  d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff, nor counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

18
19
20
21
22
23
24
25
  e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

26
27
28
  22. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to

members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

24. Plaintiff repeats the above paragraphs as if set forth here.

25. Some time prior to October 11, 2021, Plaintiff allegedly incurred an obligation to non-party Citibank N.A. ("Citibank").

26. The Citibank obligation arose out of transactions incurred primarily for personal, family or household purposes, specifically for credit card purchases.

27. The alleged Citibank obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5) and Cal. Civ. Code § 1788.2(d).

28. Citibank is a "creditor" as defined by 15 U.S.C.§ 1692a(4) and Cal. Civ. Code § 1788.2(i).

29. According to the letter described below, Simm was retained to collect the alleged debt.

30. Defendant Simm regularly collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation – October 11, 2021 Collection Letter*

31. On or about October 11, 2021, Defendant sent the Plaintiff an initial collection letter ("Letter") regarding the alleged debt, originally owed to Citibank. See Letter attached as Exhibit A.

### *Current Creditor Violations*

32. The Letter states "Current Creditor: JHPDE Finance I, LLC" and "JHPDE Finance I, LLC has the right to seek collection of the debt."

33. However, the Letter also states "Current Creditor: Paradigm Assets" and "Paradigm Assets has purchased the above referenced account."

34. Thus, the Letter claims that JHPDE Finance I, LLC and Paradigm Assets are simultaneously the current creditor.

35. Upon information and belief, only one of these two entities is actually the current creditor.

36. It is deceptive to not clearly state who is the correct creditor in any collection letter sent to a consumer.

37. The law requires that an initial collection letter must specifically and clearly state who the current creditor is.

38. This false listing of the name of the creditor is deceptive in preventing the Plaintiff from determining to whom payment should be made, which debt is owned by whom, and the possible benefits and/or detriments to the consumer of those relevant facts.

39. Furthermore, this confusion can ultimately result in multiple collections on the same debt by different collectors and a double collection can occur.

*Conflicted Balance Violations*

40. The Letter also states:

> CHARGE OFF AMOUNT: $2,336.85
> TOTAL INTEREST SINCE C/O: $108.75
> TOTAL NON-INTEREST/FEES SINCE C/O: $212.00
> TOTAL PAYMENTS POST C/O: $0.00

41. Moreover, the Letter states, "BALANCE: $2,304.02."

42. "C/O" stands for charge-off.

43. The Letter is nonsensical.

44. It is not possible for the current balance to be less than the charge-off balance if no payments were made.

45. It is not possible for the current balance to be less than the charge-off balance if no payments were made and if interest and fees were added since charge-off.

46. The Letter is confusing, deceptive and misleading to the least sophisticated consumer as to the amount due.

47. Upon reading the Letter, the least sophisticated consumer could interpret the balance owed as $2,304.02.

48. In the alternative, the least sophisticated consumer could interpret the balance to be $2,336.85 plus additional interest and fees in the amounts of $108.75 and $212.00, respectively.

49. Since the Letter's language has multiple meanings, it is deceptive and misleading to the least sophisticated consumer.

50. For the same reasons, the Letter was deceptive and misleading to the Plaintiff.

51. Because of the conflicting amounts listed, the Letter fails to clearly state the amount of the debt.

### *Statute of Limitation Violations*

52. The Letter further states that the default date was on February 22, 2018.

53. Additionally, the Letter states: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it…"

54. However, the applicable statute of limitation on this alleged debt had not expired at the time that the Letter was issued.

55. To state or imply that it had, was false and deceptive.

56. Moreover, because the statute of limitation had not yet expired, the claim that "we will not sue you for [the debt]" was false and/or misleading.

57. Furthermore, although the quoted language refers to "we," upon information and belief, Defendant is not authorized to relinquish the current creditor's right to sue on this debt.

58. Despite the language in the Letter, the current creditor could sue on the debt at the time that the Letter was issued.

59. The current creditor could also retain a different debt collector or an attorney to sue on this debt.

60. Therefore, stating "we will not sue" for this debt was false and/or deceptive.

61. Accordingly, Defendant included incorrect or misleading legal advice/status in the Letter.

### *Results of the Defendant's Violations*

62. Defendant's improper collection led the Plaintiff to believe that the Letter was fraudulent, or at least suspect, in whole or in part.

63. Plaintiff was confused as to whether the Letter was from a legitimate debt collector, a fraudulent wrongdoer hoping to induce erroneous payment, or for a debt that was already satisfied.

64. The unexplained contradictions caused the Plaintiff to fear that the Letter was a scam.

65. Because of the Defendant's improper collection, Plaintiff was unable to properly respond to the Letter.

66. Because of the lack of any information foreclosing this possibility, Plaintiff does not know if the Defendant is authorized to collect the debt.

67. The Letter materially misled the Plaintiff because when faced with two equal-amount debts, one of which is unenforceable and one of which is enforceable, Plaintiff would pay the enforceable debt first.

68. Plaintiff was therefore unable to evaluate how much is truly being alleged as the correct balance, is being misled as to the current creditor, and cannot properly evaluate whether the debt is enforceable.

69. Plaintiff was therefore unable to make payment on the debt.

70. The funds the Plaintiff would have used to pay some or all of this alleged debt were therefore spent elsewhere.

71. Plaintiff was therefore left with less funds with which to pay off this debt once the facts were sorted out, if it turned out that he did indeed owe the debt.

72. Because of the Defendant's improper collection, Plaintiff was prevented from taking certain actions he would have, or could have, otherwise taken had the Defendant's Letter not contained false, deceptive, misleading, and/or unfair content.

73. Moreover, because of this, Plaintiff expended time and money in determining the proper course of action.

74. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

75. Additionally, Defendant's improper acts, and the Plaintiff's reliance thereon, also caused the Plaintiff emotional harm in the form of stress and fear.

76. Plaintiff's emotional harm manifested itself physically in the form of lost sleep.

77. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

78. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress and conversion.

79. Plaintiff is entitled to receive proper notice of the character, amount and legal status of the debt, as required by the FDCPA.

80. Defendant failed to effectively inform the Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

81. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

82. Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts

because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

83. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendant's debt collection.

84. Plaintiff was confused and misled to his detriment by the statements in the Letter, and relied on the content of the Letter to his detriment.

85. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

86. As a result of the Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

87. Plaintiff repeats the above allegations as if set forth here.

88. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

89. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

90. Defendant violated said section, as described above, by:

a. Making false and misleading representations in violation of §§ 1692e and 1692e (10); and

b. Falsely representing the character, amount and/or legal status of the debt in violation of §1692e (2).

91. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e, et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

92. Plaintiff repeats the above paragraphs as if set forth here.

93. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

94. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

95. Defendant violated this section by unfairly providing conflicting information concerning:

a. The amount of the debt;

b. The current creditor concerning the debt; and

c. The enforceability of the debt.

96. Defendant's acts, as described above, were done intentionally with the purpose of coercing the Plaintiff to pay the alleged debt.

97. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692f et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

98. Plaintiff repeats the above allegations as if set forth here.

99. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

100. Pursuant to 15 USC §1692g(a):

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt;
>
> 2. The name of the creditor to whom the debt is owed…

101. Defendant violated 15 U.S.C. §1692g (a)(1) and (a)(2) by failing to clearly identify the amount of the debt and/or the current creditor.

102. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV

**VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.***

103. Plaintiff repeats the above allegations as if set forth here.

104. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of Title 15 of the United States Code (Fair Debt Collection Practices Act).

      i. Defendant violated 15 U.S.C. § 1692e by using false, deceptive or misleading representations or means in connection with the collection of the debt.

      ii. Defendant violated 15 U.S.C. § 1692e (2)(A) by falsely representing the character, amount and legal status of the debt.

    iii. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect the debt or obtain information concerning the consumer.

    iv. Defendant violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect any debt.

    v. Defendant violated 15 U.S.C. § 1692g by failing to provide proper notice of the debt.

105. Defendant's acts, as described above, were done intentionally with the purpose of coercing the Plaintiff to pay the alleged debt.

106. As a result of the foregoing violations of the RFDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, attorneys' fees and costs.

## DEMAND FOR TRIAL BY JURY

107. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff John Pinchera, individually and on behalf of all others similarly situated, demands judgment from the Defendant Simm as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Jonathan Stieglitz, Esq., as Class Counsel;

b) Awarding the Plaintiff and the Class statutory damages;

c) Awarding the Plaintiff and the Class actual damages;

d) Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 29, 2022

           THE LAW OFFICES OF
           JONATHAN A. STIEGLITZ

           By: */s/ Jonathan A Stieglitz*
                 Jonathan A Stieglitz